UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ANISHA COUNTS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 4:15CV00148 AGF |
| | ) |
| ELIZABETH BERRENS and | ) |
| SCHNEIDER NATIONAL CARRIERS, | ) |
| INC., | ) |
| | ) |
| Defendants / Third Party Plaintiffs, | ) |
| | ) |
| vs. | ) |
| | ) |
| MERCEDES KOSTER, | ) |
| | ) |
| Third Party Defendant. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendants /Third Party Plaintiffs' motion for default judgment against Third Party Defendant Mercedes Koster. For the reasons set forth below, the motion shall be granted.

## BACKGROUND

On January 16, 2015, Defendants Elizabeth Berrens and Schneider National Carriers, Inc. ("SNCI"), removed this action to this Court based on diversity jurisdiction. The case arises out of a motor vehicle accident that occurred on February 24, 2014, Plaintiff alleged that Berrens was negligent when a vehicle Berrens was operating on behalf of SNCI collided with a vehicle in which Plaintiff was a passenger, resulting in injury to Plaintiff. Plaintiff alleged "serious" injury to various parts of her body, diminished function of

various organs, and "pain of mind and body." She alleged that she had incurred medical expenses of approximately $38,000 to the date of the amended complaint and would incur additional such expenses in the future. In the Notice of Removal, Defendants asserted that the amount in controversy exceeded the jurisdictional amount of $75,000.

On May 1, 2015, Defendants filed a Third Party Complaint against Koster for indemnity and/or contribution. As Third Party Plaintiffs, they alleged that, at the time of the accident at issue, Koster was the driver of the vehicle in which Plaintiff was a passenger and that Koster's negligence was the cause of the accident.

At a mediation conference held on August 11, 2015, Plaintiff and Defendants / Third Party Plaintiffs reached a settlement for an amount of $75,000. The mediator's report indicates that these parties participated in mediation in good faith. (Doc. No. 37.) On August 27, 2015, Defendants/Third Party Plaintiffs filed a motion for default judgment against Koster, and on August 31, 2015, they filed a motion for Clerk's entry of default against Koster. On September 1, 2015, the Clerk of Court entered an order of default against Koster. The docket sheet reflects that a copy of the order of default was mailed to Koster at the address listed on the return of service, and it was presumably received, as it was not returned undeliverable. On September 2, 2015, Plaintiff filed a motion to dismiss her claims against Defendants, based on the settlement reached between these parties.

On September 17, 2015, Defendants/Third Party Plaintiffs filed evidentiary support for their motion for default judgment against Koster in the form of (1) an affidavit by Berens in which she attests that at the time of the accident she was operating her vehicle in a responsible manner, and (2) an affidavit of a senior claims adjuster for SNCI's auto liability

insurer, attesting to the settlement of Plaintiff's claim against Defendants/Third party Plaintiffs for $75,000 and Plaintiff's release and discharge of all claims against Berrens, SNCI, and Koster. A copy of the "Settlement Agreement and Release" is attached to the affidavit. It was signed by Plaintiff on September 10, 2015, and includes the following paragraph:

> It is understood between the parties that this Release only pertains to the claims by [Plaintiff] against the Released Parties, and that the Released Parties Third Party claim for contribution against Mercedes Koster . . . shall remain pending in [the present] lawsuit and shall not be affected by anything set forth in this Release.

(Doc. No. 40-4 at 2.) On September 21, 2015, the Court granted Plaintiff's motion to dismiss her claims against Defendants/Third Party Plaintiffs.

## **DISCUSSION**

Under Missouri law, a settling tortfeasor may seek contribution/indemnity from a non-settling tortfeasor where, as here, the settlement agreement discharges the plaintiff's claims against the non-settling tortfeasor. *See Cardinal Glennon Hosp. v. Am. Cyanamid Co.*, 997 S.W.2d 42, 44 (Mo. Ct. App. 1999) (explaining that a settling defendant is barred from seeking contribution against another defendant unless the settling defendant has discharged the liability of that defendant); Mo. Rev. Stat. § 537.060.

A defaulting party is deemed to have admitted all well-pleaded factual allegations in the complaint that do not relate to the amount of damages. *Marshall v. Baggett*, 616 F.3d 849, 852 (8th Cir. 2010). As the Eighth Circuit has explained, "[i]f the court determines that the defendant is in default, his liability to the plaintiff is deemed established and the plaintiff is not required to establish his right to recover . . . . If the default is established, the

3

defendant has no further standing to contest the merits of plaintiff's right to recover."
*Brown v. Kenron Aluminum & Glass Corp.*, 477 F.2d 526, 531 (8th Cir. 1973).

Taking the allegations in the Third Party Complaint as true, and based on the record before the Court, the Court concludes that Defendants/Third Party Plaintiffs are entitled to default judgment against Koster in the amount of $75,000. There is nothing in the record to suggest that the amount of the settlement is unreasonable. *Cf. Nussbaum v. Tech. Int'l Supply Corp.*, No. 5:11CV2322, 2012 WL 5335292, at *3 (N.D. Ohio Oct. 5, 2012) (Rep. & Recommendation, adopted, No. 5:11 CV 2322, 2012 WL 5306243 (N.D. Ohio Oct. 26, 2012) (granting a third party plaintiff default judgment against the third party defendant in the amount of a settlement between the plaintiff and the third party plaintiff that appeared reasonable)).

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that the motion of Third Party Plaintiffs for default judgment against Third Party Defendant Mercedes Koster in the amount of $75,000 is **GRANTED**. (Doc. No. 32.)

All claims against all parties having been resolved, a separate final Judgment shall accompany this Memorandum and Order.

*Audrey G. Fleissig*
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 29th day of February, 2016.